IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | INDICTMENT NO. |
| v. | ) | 3:10CR14-WKW |
| | ) | |
| DAMIEN YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO SUPPRESS

Damien Young moves to suppress all physical evidence obtained through both warrantless and with-warrant searches. In addition, Young moves to suppress all statements that he allegedly made on the day of his arrest. He further moves the court to suppress any evidence derived from these unlawful searches and interrogation. In support of this Motion, Young shows as follows:

1. On February 24, 2011, the government provided to the defense for the first time information that shows that the DEA, as well as other law enforcement agencies, participated in the arrest of Damien Young, as well as the search of his vehicle and the search of a storage unit which is in his name in Muscogee County, Georgia.[1] These searches occurred on December 21, 2010.

---

[1] The defense was previously aware that the search of his storage unit had occurred, but was not aware that the DEA had any involvement, or that any of the information obtained as a result of this search was in the

1

2. The search of Young's automobile resulted in the seizure of money and other documents as well as cell phones. There was no search warrant for this search, it was not a consent search, and Mr. Young was not arrested while in his vehicle. Therefore, the search was unlawful and all fruits of that search must be suppressed. *Arizona v. Gant*, 129 S. Ct. 1710 (2010).

3. In addition to searching the vehicle, the agents independently searched the contents of the cell phones that were seized, again, without a warrant or any legitimate basis for searching these phones. *See State v. Smith*, 124 Ohio St.3d 163, 920 N.E.2d 949 (2009).

4. On the basis of information obtained during the search of the vehicle, law enforcement agents also searched a storage unit belonging to Young and seized information and documents from the unit. Though there was a search warrant, the warrant was based in part on information unlawfully obtained as a result of the search of the vehicle. To date, despite requests from the defense, the government has not produced a copy of the search warrant application that led to the search of the storage unit. The DEA reports that have been furnished to the defense, however, reveal that the unlawful search of the vehicle produced evidence that was later used to search the storage unit.

---

possession of the federal government.  The AUSA involved in this case had previously informed the defense that DEA was not involved and that no evidence was in the possession of the federal government.

5. At the time of Young's arrest, he was *Mirandized* and immediately stated that he wanted to consult with a lawyer prior to making any statement to the police. Despite this clear and unequivocal invocation of the right to remain silent and to consult with an attorney, the agents continued to question Young about the money that was seized and about other items. Not only must Young's statement be suppressed, but all fruits of this unlawful interrogation must also be suppressed. *Arizona v. Roberson*, 486 U.S. 675 (1988); *Edwards v. Arizona*, 451 U.S. 477 (1981); *United States v. Johnson*, 812 F.2d 1329 (11th Cir. 1986).

Based on the foregoing, the defense urges this court to set this matter down for an evidentiary hearing and to require the government to respond to this Motion prior to the evidentiary hearing.

Respectfully submitted

s/Steven H. Sadow_____
Steven H. Sadow
Ga. State 622075

260 Peachtree Street, NW
Suite 2502
Atlanta, Georgia 30303
(404) 577-1400
Fax (404) 577-3600

Signatures Continued on Following Page

GARLAND, SAMUEL & LOEB, P.C.

<u>s/Donald F. Samuel</u>
Donald F. Samuel
Ga. State Bar #624475

3151 Maple Drive, NE
Atlanta, Georgia  30305
404-262-2225
Fax 404-365-5041
dfs@gsllaw.com

Attorneys for Defendant Young

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **INDICTMENT NO.** |
| **v.** ) | **3:10CR14-WKW** |
| ) | |
| **DAMIEN YOUNG,** ) | |
| ) | |
| **Defendant.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion to Suppress* has been sent to the following via electronic filing:

> Susan R. Redmond
> United States Attorney's Office
> Middle District of Georgia
> Montgomery, Alabama

This 25th day of February, 2011.

> s/Donald F. Samuel
> DONALD F. SAMUEL
> GA State Bar No. 624475

5